**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Isaac Steven Silversmith,

Petitioner,

v.

United States of America,

Respondent.

No. CV-20-01421-PHX-ROS

**ORDER**

Before the Court is Movant Isaac Steven Silversmith's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 19). The § 2255 Motion argues Silversmith's conviction for use of a firearm during a crime of violence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c), is invalid because the predicate offense, second-degree murder in violation of 18 U.S.C. § 1111, is not a "crime of violence" in light of *Borden v. United States*, 141 S.Ct. 1817 (2021). (Doc. 19 at 3-12). In *Borden*, the Supreme Court held a crime requiring a mens rea of mere recklessness is not a "violent felony" within the meaning of a different subsection of the ACCA, § 924(e). *See Borden*, 141 S.Ct. at 1834. *Borden* expressly left open the question whether a mens rea of "extreme recklessness"—the mens rea element for second-degree murder in violation of 18 U.S.C. § 1111(a)—could constitute a crime of violence. *Id.* at 1825 n.4.

On October 27, 2021, the Ninth Circuit ordered en banc rehearing in *United States v. Begay* and vacated a panel opinion that held second-degree murder is not a crime of violence. *Begay*, 15 F.4th 1254 (9th Cir. 2021), *vacating* 934 F.3d 1033 (9th Cir. 2019).

On November 19, 2021, the Court stayed proceedings in this matter pending resolution of *Begay*. (Doc. 24). On May 5, 2022, the Ninth Circuit sitting en banc held second-degree murder is a crime of violence within the meaning of thee ACCA. *Begay*, 33 F.4th 1081, 1093 (9th Cir. 2022) (en banc).

On May 27, Magistrate Judge Michelle H. Burns issued an Order requiring Silversmith to show cause why this action should not be dismissed in light of *Begay*. (Doc. 26). In his response, Silversmith states he "does not oppose the lifting of the Stay Order so that this Court may proceed with its decision" and admits "the *Begay* decision would appear to foreclose relief (at least in this Circuit) at this time." (Doc. 27). Judge Burns accordingly issued a Report and Recommendation ("R&R") recommending that the Court lift the stay and deny and dismiss Silversmith's § 2255 Motion with prejudice. (Doc. 28 at 3).

The Court finds the R&R accurately recounts the facts and law of this case. The R&R will therefore be adopted.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 28) is **ADOPTED**.

**IT IS FURTHER ORDERED** the stay ordered on November 19, 2021 (Doc. 24) is lifted.

**IT IS FURTHER ORDERED** Movant Isaac Steven Silversmith's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 19) is **DENIED WITH PREJUDICE**. The Clerk of Court is directed to close this matter.

…

…

…

…

…

…

…

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because this ruling is justified by *United States v. Begay*, 33 F.4th 1081, 1093 (9th Cir. 2022) (en banc) and because Silversmith has not made a substantial showing of the denial of a constitutional right. Jurists of reason would not find this ruling debatable.

Dated this 15th day of July, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge